Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8407 | **DATE** | 11/18/2003 |
| **CASE TITLE** | Joseph Murray vs. Daniel Artl., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendants' motion for summary judgment (31-1) is granted in part. This action is dismissed for failure to exhaust administrative remedies. The Clerk is directed to enter judgment dismissing this action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | U.S. DISTRICT COURT | NOV 20 2003 | |
| | Notified counsel by telephone. | | docketed | |
| ✓ | Docketing to mail notices. | 03 NOV 20 PM 8:05 | | 34 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOSEPH MURRAY, )
)
          Plaintiff, )
)
vs. ) Case No. 02 C 8407
)
DANIEL ARTL, RICARDO CORRAL, )
and BRUCE BRIGGS, )
)
          Defendants. )

## MEMORANDUM OPINION AND ORDER

DOCKETED
NOV 2 0 2003

MATTHEW F. KENNELLY, District Judge:

Joseph Murray, who is incarcerated in an Illinois prison, sued three correctional officers at Joliet Correctional Center, claiming they had maliciously slammed a cell chuckhole door on his hand (breaking it) and refused his request for medical attention. He also sued two unnamed medical personnel, claiming they had been deliberately indifferent to his medical needs following the chuckhole incident. After the complaint was filed, the court dismissed the claims against the medical personnel on the grounds that Murray had not properly exhausted prison grievance procedures as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e(a). *See* Order of Dec. 20, 2002. We noted the existence of a possible "exhaustion" issue with regard to the other claims, but based on what we knew at the time we allowed those claims to proceed.

The remaining defendants, Daniel Artl, Ricardo Corral, and Bruce Briggs, have moved for summary judgment on three grounds. First, they argue, Murray failed to exhaust prison grievance procedures on his claim against them. Second, they argue that their use of force did

not violate Murray's constitutional rights because he had refused a direct order from them. Third, defendants argue that Murray's claim is a collateral attack on the administrative discipline that he received as a result of the incident and for that reason cannot be maintained because the disciplinary measures have not been overturned. The Court can grant summary judgment only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Along with defendants' motion, they provided Murray with the explanation of summary judgment procedures required by Local Rule 56.2; by that notice, Murray was advised what he needed to do in response to the motion to avoid the entry of summary judgment against him. Despite this, Murray failed to respond to the motion or to defendants' statement of undisputed facts submitted pursuant to Local Rule 56.1. We therefore deem the facts set forth in that statement to be conceded for purposes of the motion and proceed to consider the motion without the benefit of Murray's views.

Defendants have established that the prison grievance submitted by Murray that we previously indicated might be sufficient to satisfy the exhaustion requirement, submitted on April 16, 2002, was not timely appealed by Murray after it was denied at the initial level (indeed, the grievance may not have been timely filed in the first instance). Specifically, the grievance was denied on August 15-16, 2002, and under applicable Illinois Department of Corrections regulations, Murray was required to submit his appeal within 30 days thereafter. He did not do so; his appeal was not submitted until October 4, 2002. Murray's failure to complete the administrative process by following the rules the state has established amounts to a failure to exhaust requiring dismissal of his claim. *See, e.g., Pozo v. McCaughtrey*, 286 F.3d 1022, 1025

(7th Cir. 2002).

Though the Court is dismissing Murray's claim, we have a bone to pick with defendants' counsel, Assistant Attorney General James Doran. In defendants' motion, counsel argued that defendants were entitled to summary judgment on the grounds that because plaintiff had refused direct orders to remove his arm from the chuckhole, the force used by defendants was employed in a good faith effort to maintain discipline and thus did not violate Murray's rights. In seeking summary judgment on this basis, counsel implicitly represented that there was no genuine issue of material fact in this regard; otherwise (as he plainly recognized by the discussion at pages 2-3 of his brief) summary judgment would be inappropriate. But in Murray's deposition, which though attached to counsel's brief was not referenced in it, Murray quite unambiguously gave a version of the events that was inconsistent with the basis that counsel urged for summary judgment: he squarely denied that he had been given an order to remove his arm and also denied that he was told the chuckhole was going to be closed. Murray Dep., p. 20. Under the circumstances, it is difficult to imagine a good faith argument in favor of summary judgment on the grounds urged by counsel. (Though Murray ultimately did not respond to the summary judgment motion, counsel presumably could not predict that at the time he filed the motion.) Interestingly, counsel did not include any facts relating to this aspect of his summary judgment argument in his statement of undisputed material facts submitted pursuant to Local Rule 56.1. That is fortunate, for to do so would have required an express representation that defendants' version of the facts was undisputed, and counsel's signature on such a statement would have violated Federal Rule of Civil Procedure 11. The Court is not inclined to impose a sanction on counsel for his submission of the frivolous argument in his brief, but we are constrained to

3

admonish counsel that the argument was improper and should not have been made.

## Conclusion

For the reasons stated above, defendants' motion for summary judgment is granted in part. This action is dismissed for failure to exhaust administrative remedies. The Clerk is directed to enter judgment dismissing this action.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 18, 2003